IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| TOMAS R. WEST<br><br>    Plaintiff<br><br>v.<br><br>ESTEBITA MOTORS, INC.;<br>SERVICIO DODGE, CHRYSLER &<br>JEEP a/k/a MECANICA JEEP;<br>INSURER ABC; INSURER XYZ;<br>JOHN DOE; RICHARD ROE,<br><br>    Defendants | Civil No.<br><br>Jury Trial Demanded |

**COMPLAINT**

To the Honorable Court:

Comes now, plaintiff, Tomas R. West, through the undersigned attorney and respectfully alleges and requests as follows:

### I. INTRODUCTION:

1. This is a diversity action pursuant to 31 L.P.R.A. §5141 and §5142 for damages due to defendants negligent and/or intentional acts when defendant Estebita Motors, Inc. sold plaintiff a defective vehicle and without warning Plaintiff of its dangerous condition and when defendant Servicio Dodge, Chrysler & Jeep failed to repair the vehicle all causing the vehicle to malfunction and crash causing plaintiff Tomas R. West serious physical, mental and economic damages.

### II. JURISDICTION:

2. This Court has jurisdiction over the parties and the subject matter of this

litigation under and pursuant to 28 U.S.C. § 1332, diversity jurisdiction, insofar as Plaintiff is a citizen of a state which is different from the state where Defendants are incorporated and/or have their principal places of business, and the amount in controversy exceeds $75,000.00 exclusive of interest and costs.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391, because the claims asserted arose in this judicial district.

### III. PARTIES:

4. Plaintiff, Tomas R. West, is of legal age, single, and a citizen and resident of the State of New York.

5. Defendant Estebita Motors, Inc. is a corporation incorporated under the laws of the Commonwealth of Puerto Rico. Its principal place of business is in the Commonwealth of Puerto Rico and as such Estebita Motors, Inc. is a citizen of the Commonwealth of Puerto Rico. At all times relevant to this Complaint, Estebita Motors, Inc. was engaged in the business of selling vehicles.

6. Defendant Servicio Dodge, Chrysler & Jeep, who is also known as Mecánica Jeep, is a business located in Barrio Monacillos, Cupey, Puerto Rico. It is a citizen and resident of the Commonwealth of Puerto Rico. At all times relevant to this Complaint, Servicio Dodge, Chrysler & Jeep a/k/a Mecánica Jeep was engaged in the business of repairing vehicles such as Plaintiff's vehicle.

7. John Doe and Richard Roe are the fictitious names of any person or entity who at present is unknown and who, together with Defendants is jointly and severally liable to Plaintiff for his injuries as described herein. John Doe and Richard Roe are

citizens and a residents of a State other than the State of New York.

8. Insurer ABC and Insurer XYZ are fictitious names of insurance companies who at present are unknown and who are insurers of Defendants and as such may be brought directly into this action as they are responsible to Plaintiff for his injuries.

### IV.  FACTS:

9. On March 21, 2009, plaintiff Tomas R. West purchased a used 1994 Nissan Sentra XE from defendant Estebita Motors, Inc.  Defendant Esterbita Motors, Inc, only informed Plaintiff Tomas West of a defective ignition.  Defendant did not inform Plaintiff that there was any defect in the steering or in the tie rod nor that the air bag had been removed.  Defendant Estebita Motors, Inc. did not inform Plaintiff of the dangerous condition of the Nissan Sentra XE.

10. Defendant Estebita Motors, Inc. knew or should have known of the defective steering and tie rod and of the lack of the air bag and of the dangerous condition of the Nissan Sentra XE.

11. Defendant Estebita Motors, Inc. should have warned Tomas R. West of the defective and dangerous condition of the Nissan Sentra XE and it failed to do so.

12.  About one week after the purchase, while driving the vehicle plaintiff Tomas West went to turn the wheels to the right and he heard a grinding sound.  When that happened he exited the car and saw that the driver's side wheel was turned to the left and the passenger's side wheel was turned to the right.  Tomas West twisted the steering wheel back and the wheels popped back into place.   He continued to drive the car and he felt it shimmy for a while.

13. On April 6, 2009, Plaintiff Tomas R. West was driving the Nissan on the highway and the steering wheel began moving back and forth. Mr. West pulled the vehicle over and called defendant Servicio Dodge, Chrysler & Jeep and informed them of the steering wheel movement. Defendant told Mr. West to bring the vehicle to their shop in Cupey to examine it.

14. Plaintiff Tomas R. West drove slowly to defendant Servicio Dodge, Chrysler & Jeep's shop in Cupey. When Tomas West arrived at the shop he again described what had happened with the vehicle to the office manager and told her that he felt that the steering shook on its own and he felt as if the car was taking control of itself. He also explained to her what had happened the week earlier with the wheels. Defendant Servicio Dodge, Chrysler & Jeep's chief mechanic, Tony, took the vehicle for a test drive. He came back to the shop and negligently informed Tomas West that there was nothing wrong with the vehicle.

15. Defendant Servicio Dodge, Chrysler & Jeep discovered or should have discovered the defective tie rod and steering of the vehicle. Defendant Servicio Dodge, Chrysler & Jeep should have warned Plaitniff Tomas West of the dangerous condition of his vehicle and/or have repaired it before giving it back to Mr. West.

16. Tomas West left defendant Servicio Dodge, Chrysler & Jeep's shop and drove to his home about 20 to 25 minutes away. Tomas West was at his home for under one half hour when he left driving his Nissan Sentra XE vehicle towards San Juan on Route 1. While on Route 1, and after having come around a bend to the left, and as he straightened the vehicle out by turning the steering wheel, the wheel locked to the left and the car started going toward a three foot high concrete median. Tomas

West turned the steering wheel to the right, but the car continued to the left and then jerked to the right.  Mr. West then turned the steering wheel to the left and applied the break.  The car quicky went to the left and Mr. West lost control of the car and it started swerving back an forth several times and then did a 180 degree turn and he hit a parked car on the side of the road which in turn hit other vehicles.

17. No air bag deployed at the time of the accident.  After the accident, Tomas West called defendant Servicio Dodge, Chrysler & Jeep and spoke to the manager who interpreted for him with the Emergency Medical Personnel.

18. The accident was a result of a broken tie rod which defendants Estebita Motors, Inc. and Servicio Dodge, Chrysler & Jeep knew or should have knows would cause an accident and injuries to Plaintiff.  It was foreseeable that with a worn and/or broken tie rod Plaintiff Tomas West would be injured.

19. Plaintiff Tomas West suffered more severe injuries than he would have had the air bag been in place and functional at the time of the accident.  It was foreseeable to Defendants that a missing air bag would cause more severe injuries to plaintiff Tomas West should he suffer an accident, such as he did.

20. As a result of the car accident and Defendants combined negligence, Tomas West suffered a fractured left hip, a dislocated right knee, two torn tendons in his right hand, cuts and bruises, and other serious personal injuries.

21. As a result of the car accident and Defendants' combined negligence, Tomas West was hospitalized for approximately 3 weeks and had to undergo surgery where a plate and four screws were inserted into his left hip, his left knee was relocated and the torn tendons were removed as they could not be repaired and he was given

stitches on his hand.  Tomas West suffered great pain and continues to suffer pain due to his multiple injuries, especially his hip injury.  He has permanently lost the feeling on the left side of his right hand as a result of the accident.

22.  As a result of Defendants combined negligence, after being discharged from the hospital, Tomas West had to spend two weeks convalescing and used a wheelchair for approximately two months thereafter.  He then had to use a walker and a cane and crutches.

23.  As a result of Defendants combined negligence, Mr. West lost the opportunity to become a New York firefighter as his application was rejected due to his injuries.  He has also been rejected for a position as a Court Officer due to his injuries.

24.  As a result of Defendants combined negligence, Tomas West has sharp, drilling pain in his left hip daily.  He is not able to run, lift heavy objects, put weight on his left side, or walk even short distances.  Tomas West has severe difficulty sleeping due to the pain and discomfort from the plate that was placed on his left hip.

25.  As a result of defendants combined negligence, Tomas West suffered and continues to suffer severe emotional pain as a result of his physical pain.

26.  As a result of defendants combined negligence, Tomas West has lost and will continue to loose income of not less than:

    Medical Costs (past and future).......................................$250,000.00

    Loss of Income............................................................$1,000,000.00

## V.  FIRST CAUSE OF ACTION:
### STRICT PRODUCTS LIABILITY (FAILURE TO WARN)

27.     The foregoing paragraphs are realleged and incorporated herein.

28. The Nissan Sentra XE sold to Plaintiff Tomas West was defective and unreasonably dangerous when it left the possession of the Defendant Estebita Motors, Inc. in that it had a defective (broken or severely worn) tie rod, it had defective steering, and it did not have an air bag. Defendant did not warn Plaintiff Tomas West, of the dangerous risks of driving the vehicle in the defective condition, including, but not limited to, its propensity to cause steering problems and wheel problems which could cause an accident such as that happened to Mr. Tomas West.

29. Defendant Estebita Motors, Inc. sold the Nissan Sentra XE to plaintiff Tomas West for its intended use as a vehicle.

30. The Defendant Estebita Motors, as a car dealer, is held to the level of knowledge of an expert in the field.

31. No warnings were given to Plaintiff Tomas West by Defendant Estebita Motors, Inc. as to the dangerous condition of the Nissan Sentra XE vehicle it sold to Plaintiff Tomas West.

32. Plaintiff, Tomas West reasonably relied upon the skill, superior knowledge and judgement of Defendant Estebita Motors, Inc..

33. Had plaintiff Tomas West received adequate warnings regarding the risks of the Nissan Sentra XE, he would not have bought the vehicle nor used it.

34. As a direct and proximate result of the Nissan Sentra XE's defective condition and the lack of warnings of the condition, Plaintiff Tomas West suffered severe and permanent physical injuries, including but not limited to a broken hip, dislocated knee and torn tendons resulting in permanent damage. He has endured and will continue to endure substantial physical and mental pain and suffering. He has

incurred in significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff Tomas West has lost past earnings and have suffered the loss of his earning capacity. Tomas West has suffered and will continue to suffer economic loss.

## VI.  SECOND CAUSE OF ACTION: NEGLIGENCE

35. The foregoing paragraphs are realleged and incorporated herein.

36. Pursuant to Articles 1802 and 1803 of the Civil Code of Puerto Rico, 31 L.P.R.A. §5141 and 5142, a person who causes damage to another, through fault or negligence, must repair the damage caused. An employer is liable for his employee's or agent's fault or negligence.

37. At all times material hereto, the Defendants had a duty to exercise reasonable care to consumers, including Plaintiff, in the inspection, testing, warning, sale and repair of the Nissan Sentra XE sold and returned to Plaintiff Tomas West.

38. The Defendants breached their duty of reasonable care to the Plaintiff in that they negligently sold, tested and inspected the Nissan Sentra XE and did not warn and sold and/or returned the Nissan Sentra XE in a dangerous condition without repairing the dangerous condition.

39. The Plaintiff's injuries and damages alleged herein were and are the direct and proximate result of the carelessness and negligence of the Defendants in the failure to adequately inspect, to test, to warn, to sell and/or to repair the Nissan Sentra XE.

40. The Defendants knew or should have known that consumers such as

Plaintiffs would forseeably suffer injuries and damages as a result of the Defendants' failure to exercise reasonable and ordinary care.

41. As a direct and proximate result of the Nissan Sentra XE's defective condition and the lack of warnings of the condition, Plaintiff Tomas West suffered severe and permanent physical injuries, including but not limited to a broken hip, dislocated knee and torn tendons resulting in permanent damage. He has endured and will continue to endure substantial physical and mental pain and suffering. He has incurred in significant expenses for medical care and treatment, and will continue to incur such expenses in the future. Plaintiff Tomas West has lost past earnings and have suffered the loss of his earning capacity. Tomas West has suffered and will continue to suffer economic loss.

## VII.  RELIEF

42. Defendants are jointly and severally liable for Plaintiff Tomas West's damages.

43. Plaintiff Tomas West is entitled to recover from the defendants, jointly and severally, for his physical and emotional pain, suffering and disability caused by the Defective Nissan Sentra XE and by Defendants' fault or negligence in an amount not less than ONE MILLION DOLLARS ($1,000,000.00).

44. Plaintiff Tomas West is further entitled to recover from the defendants, jointly and severally, for lost past and future income due to their fault and negligence in an amount estimated to be not less that ONE MILLION DOLLARS ($1,000,000.00).

45. Plaintiffs are entitled to recover medical expenses and liabilities incurred to date at an amount estimated to be not less than FIFTY THOUSAND DOLLARS

($50,000.00).

46. Plaintiffs are entitled to recover future medical expenses in an amount estimated as not less than TWO HUNDRED THOUSAND DOLLARS ($200,000.00).

47. Plaintiffs are further entitled to reasonable costs and attorneys fees.

48. Plaintiffs Demand a Jury Trial.

WHEREFORE, it is respectfully requested that this Honorable Court enter judgment against the Defendants, jointly and severally, and in favor of Plaintiffs, for no less than the amounts set forth above, plus costs, expenses, attorneys fees. Plaintiff further request such other and further relief as may be lawful and appropriate.

JURY TRIAL DEMANDED.

Respectfully submitted in San Juan, Puerto Rico, this 26th day of March, 2010.

s:/ *Victoria A. Ferrer*

**Victoria A. Ferrer- Kerber**
USDC No. 203901
Mercantil Plaza, Suite 1113
2 Ponce de Leon Ave.
San Juan, PR 00918
787-753-6131
787-753-7053 - fax
vaferrer@gmail.com